JOHN B. CLEVELAND, Plaintiff in Error, *v.* S. L. DURYEA'S ADMINISTRATORS, Defendants in Error.

Showing when the statutes of limitation of other States may be pleaded and in what manner.

A verbal promise to pay a debt, barred by the statute of limitations of Ohio, is not sufficient to revive the original debt; such a promise must be in writing.

Action for goods sold and delivered.

In an action for goods sold and delivered, the defendant pleaded the statute of limitations of Ohio, claiming that the cause of action had not accrued against him within six years preceding the beginning of the action, as the merchandise on which a recovery was sought was sold to him early in February, 1861.

The plaintiffs replied that the defendant was out of the jurisdiction of the courts of Ohio at the time the cause of action accrued, and had absconded, and was concealed until less than two years prior to the beginning of this suit; and further, that on the 22d of December, 1861, the defendant made and delivered to the plaintiffs' intestate a written acknowledgment of the obligation upon which the action was brought, promising to pay the same.

Subsequently the petition was amended by the further statement that the defendant was out of the State when the amount claimed became due, and never afterward came into the State until less than six years before the date of filing the original petition.

An amendment to the reply was afterward made, averring that the cause of action stated in the petition did not accrue in the State of Ohio, and that both the plaintiffs' intestate and the defendant were then non-residents of the State of Ohio; and that the defendant absconded in less than one year after the cause of action accrued, and was concealed from January 1, 1862, to September, 1867.

On the trial it appeared that the plaintiffs' intestate was

a resident of New York, and the defendant a resident of St. Louis, Mo. The contract for the sale and purchase was made in St. Louis, in February, 1861, and the following November the defendant left St. Louis, came to Cincinnati, and publicly carried on business and resided there until this action was brought.

On the 22d day of December, 1861, the defendant wrote to the plaintiffs' intestate, regretting that he had not been able to pay him anything upon the account, as his business had been very dull, but thought in a few weeks it would be better with him, and he would remit what he could; it would be all right, and the intestate would not lose a penny. After the defendant's removal to Cincinnati, both in the years 1867 and 1868, he verbally promised to pay the amount due, living at that time and doing business within that city.

Judgment was rendered for the plaintiff, on submission of the case to Special Term, and a motion for a new trial being overruled, this proceeding in error was taken.

*Peck & Crawford,* for plaintiff in error.

*Sayler & Sayler,* contra.

STORER, J. By the pleadings there is no denial of the original indebtedness, the only defense set up being the statute of limitations. The statute in force in Ohio at the time this suit was brought has alone been pleaded. When the cause of action arose, whether at the time the goods were sold and delivered, or whether credit was allowed for payment, does not appear definitely, but we may infer from the pleadings that it accrued in St. Louis, where the defendant resided. It can not have accrued in New York, for it does not appear that both parties, buyer and seller, were within that jurisdiction at the time the purchase was made.

It is not claimed that the limitation prescribed by the

laws of either New York or Missouri are relied upon. The answer presents the Ohio statute alone. The original, as well as the amended reply, does not set up the fact that, by any exception contained in our statute, the limitation there prescribed can be avoided. It is only alleged that when the cause of action accrued, the defendant had absconded and left the State, and his residence was not known to the plaintiffs' intestate until two years before the commencement of this action.

On a careful examination of the bill of exceptions, we can find no evidence to sustain the reply. On the contrary, the defendant is proved to have remained where the contract was originally made until after the debt was due, of all which the plaintiffs' intestate was fully aware. It is further in proof that the defendant publicly left St. Louis, closing his business there, changing his residence to Cincinnati, in 1861, where he pursued the same employment he had formerly been engaged in without any concealment. So far, then, as the defendant's residence and his removal and the allegations connected with those statements go, we do not find that the plea of the statute is answered.

But it is said the promise made by the defendant in his letter of December, 1861, is an answer to the statute. We apprehend, however, it can not be regarded as defeating the statute of limitations, but as giving only to the creditor the privilege of withholding the legal prosecution of his claim for the additional period that elapsed between the time the debt became due and the date of the new promise. As it is not shown by either party when the debt actually became due, we are left to apply the ordinary rule, that where merchandise is not sold for cash, the ordinary credit must have been understood between the buyer and seller.

It is difficult, then, to say when the statute began to run, although it is evident when the letter was written the limitation of the statute had commenced. But between the date of this new promise and the bringing of

this action eight years had elapsed, and as no written promise—as our statute requires to revive the debt—has been proved, we must conclude the plea of the statute must be sustained. The verbal promises, made in 1867 and 1868, can not be admitted to defeat the plea as a substitute for what our law expressly requires shall be in writing.

As we have already said, we are not permitted to take notice of the law of either Missouri or New York unless it is pleaded, and in the absence of all evidence as to what the laws of those States require, we are bound to consider only the statute of our own State.

We think the judgment should be reversed, and the parties have liberty to amend their pleadings by setting up as a reply to the defendant's plea the statute of the State where the cause of action originally arose.

Cause remanded for further proceedings.